# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL POINTS CAPITAL CORPORATION, a New York corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC., a California corporation, JAMES B. FOSTER, an individual, and OTILIA T. FOSTER, an individual,<br><br>    Defendants. | 1:10-cv-00801 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC.** |

**PROCEDURAL BACKGROUND**

On May 7, 2010, Plaintiff All Points Capital Corporation filed a complaint against Defendants Foster and Sons General Engineering Contractors, Inc., James B. Foster and Otilia T. Foster, for breach of promissory note and security agreement, breach of guaranty, and foreclosure on security agreement. (Doc. 2.)

On May 10, 2010, this Court issued summonses directed to the three Defendants: Foster and Sons General Engineering Contractors, Inc. (Doc. 4), James B. Foster (Doc. 5) and Otilia T.

1  Foster (Doc. 6). Additionally, an initial scheduling conference was scheduled for August 26,
2  2010, before the undersigned. (Doc. 7.) On August 20 and October 15, 2010, Plaintiff's counsel
3  requested the scheduling conference be continued. His requests were accommodated and an
4  Initial Scheduling Conference was set for November 22, 2010. (*See* Docs. 8-9.)

5  Prior to the scheduling conference, it came to this Court's attention that Defendants had
6  either not been served with service of process and/or had not entered any appearance in the
7  action. Accordingly, on November 18, 2010, this Court issued an Order to Show Cause directed
8  to Plaintiff to show cause why the summons and complaint had not been served upon Defendants
9  in compliance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 10 at 2.) Plaintiff was
10  advised that it was to show cause in writing why it had failed to file documents establishing proof
11  of service as required by Rule 4(*l*) of the Federal Rules of Civil Procedure, and why it had failed
12  to accomplish service within 120 days as required by Rule 4(m) of the Federal Rules of Civil
13  Procedure. Additionally, the Initial Scheduling Conference was vacated and the matter was set
14  for a Status Conference on December 16, 2010. (Doc. 10 at 2.) Plaintiff has failed to respond in
15  writing to the Order to Show Cause as of this date, despite being ordered to do so no later than
16  December 2, 2010.

17  Although Plaintiff did not respond in writing, on November 18, 2010, it filed a Proof of
18  Service form indicating that individual Defendant James B. Foster had been served via substitute
19  service on May 26, 2010, at 1559 N. McCall Avenue in Sanger, California. (Doc. 12.) A similar
20  document was filed indicating that individual Defendant Otilia T. Foster had also been served via
21  substitute service on May 26, 2010, at 1559 N. McCall Avenue in Sanger, California. (Doc. 13.)
22  Plaintiff then filed a Request for Entry of Default, asking the Clerk of the Court to enter default
23  against all Defendants, including Foster and Sons General Engineering Contractors, Inc. Counsel
24  for Plaintiff Dean P. Sperling's declaration provided that "[o]n or about May 26, 2010,
25  Defendants were all subserved . . .." (Doc. 14 & Sperling Decl., ¶ 2.)

On November 23, 2010, the Clerk of the Court entered default as to Defendants James B. Foster and Otilia T. Foster.  The Clerk did *not* enter default as to Foster and Sons General Engineering Contractors, Inc., because no proof of service was filed for this Defendant.  (*See* Doc. 15.)

## DISCUSSION

### *Failure to Serve Summons and Complaint*

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The rule "encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)).

Here, more than 120 days have elapsed since Plaintiff filed the summons and complaint in this action.  More specifically, more than 210 days have elapsed since Plaintiff filed this action.  Plaintiff has filed proofs of substitute service as to Defendants James B. Foster and Otilia T. Foster (Docs. 12 & 13), however, all Defendants have not yet been served.

Plaintiff was expressly advised in this Court's Order to Show Cause that a failure to accomplish service of the summons and complaint would result in a recommendation of dismissal.  (Doc. 10 at 2:14-16.)  Nevertheless, Plaintiff has failed to file a document establishing that service was effected upon Defendant Foster and Sons General Contractors, Inc.  Therefore, this Court will recommend the action be dismissed as to that Defendant.

### *Failure to Follow Court Order*

In addition, Plaintiff has failed to comply with the November 18, 2010, order in that it has not filed papers to address service of the aforementioned Defendant nor has it explained why this

3

Defendant should not be dismissed.  This Court's Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24;  *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket both weigh in favor of the dismissal of Defendant Foster and Sons General Engineering Contractors, Inc.; Plaintiff has not advanced its claims against this Defendant as over 210 days have elapsed and this Defendant has not been served.  Nor has Plaintiff offered an explanation for its failure to do so.  The third factor -- risk of prejudice to defendant -- also weighs in favor of the dismissal of the aforementioned

Defendant since a presumption of injury arises from unreasonable delay to prosecute an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  A delay of more than 210 days is unreasonable.  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of the aforementioned Defendant's dismissal.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The November 18, 2010, order admonished Plaintiff that the Court would recommend dismissal for a failure "**to comply with this Order and to show good cause for its failure to accomplish service of the summons and complaint**." (Doc. 10 at 2, emphasis in original.)  Thus, Plaintiff received adequate warning that the dismissal of this Defendant would result from noncompliance with this Court's order and a failure to prosecute this action.  Quite simply, Plaintiff has failed to comply with this Court's order to address service of process on the aforementioned Defendant and to pursue its claims.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, this Court RECOMMENDS to DISMISS without prejudice this action against Foster and Sons General Engineering Contractors, Inc. on the grounds that (1) Plaintiff has failed to take measures to accomplish service of process upon the aforementioned Defendant; and (2) pursuant to Local Rule 110, for Plaintiff's failure to comply with this Court's November 18, 2010, order, to meaningfully and intelligently respond to the order, and to prosecute claims against the aforementioned Defendant.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these Findings and Recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and

1  Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

   IT IS SO ORDERED.

   **Dated:**   **December 12, 2010**              /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE