# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL POINTS CAPITAL CORPORATION, a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC., a California corporation, JAMES B. FOSTER, an individual, and OTILIA T. FOSTER, an individual,<br><br>    Defendants. | 1:10-cv-00801 AWI GSA<br><br>**ORDER STRIKING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC., JAMES B. FOSTER AND OTILIA T. FOSTER**<br><br>(Docket No. 22) |

      On January 12, 2011, Plaintiff All Points Capital Corporation ("Plaintiff") filed a Request for Default Judgment Against Defendants Foster and Sons General Engineering Contractors, Inc., James B. Foster and Otilia T. Foster. (Doc. 22.) On February 9, 2011, the Court vacated the hearing of February 11, 2011, and the matter was taken under submission. (Doc. 23.)

### BACKGROUND

      Plaintiff filed the instant action on May 7, 2010. The complaint asserts a number of causes of action, including a breach of promissory note and security agreement, breach of

1

guaranty, and foreclosure on security agreement - claim and delivery.  Plaintiff sought damages in excess of $750,000.  (Doc. 2.)  Summonses were issued on May 10, 2010.  (Docs. 4-6.)

On November 18, 2010, this Court issued an Order to Show Cause for Plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure by failing to serve Defendants with the summons and complaint.  (Doc. 10.)

That same date, rather than respond in writing as requested, Plaintiff filed proofs of service for two named Defendants: James B. Foster and Otilia T. Foster.  (Docs. 12-13.)  Additionally, Plaintiff filed a request for Clerk's Entry of Default as to all Defendants.  (Doc. 14.)

On November 23, 2010, the Clerk of the Court entered default as to Defendants James B. Foster and Otilia T. Foster only.  (Doc. 15.)

On December 12, 2010, this Court issued Findings and Recommendations as to the dismissal of Defendant Foster and Sons General Engineering Contractors, Inc. ("Foster and Sons").  Specifically, the Court recommended dismissal of Defendant Foster and Sons for it had not been served with service of process.  (Doc. 16.)

Rather than file objections to the Findings and Recommendations, on December 13, 2010, Plaintiff filed a proof of service indicating that Foster and Sons had in fact been served on May 26, 2010.  Plaintiff also requested default be entered by the Clerk against Foster and Sons.  (*See* Docs. 17-18.)

On December 15, 2010, the Clerk entered default against Defendant Foster and Sons.  (Doc. 20.)  On December 17, 2010, this Court issued its Order Vacating the earlier findings wherein the Court recommended dismissal of Foster and Sons.  (Doc. 21.)

On January 12, 2011, Plaintiff filed the instant request for entry of default judgment against all Defendants.  (Doc. 22.)

**LEGAL STANDARD**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that judgment may be entered as follows:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

Service of summons and complaint upon Defendants in this action was made on May 26, 2010. True and correct copies of the proofs of service were filed with this Court on November 18, 2010, and December 13, 2010, respectively. (Docs. 12-13, 18.) To date, Defendants have failed to respond to the complaint. The Clerk of the Court entered default as Defendants James B. Foster and Otilia T. Foster on November 23, 2010, and as to Defendant Foster and Sons on

December 15, 2010.  (Docs. 15 & 20.)  Nevertheless, Plaintiff's request herein is procedurally lacking and default judgment cannot now be entered.

### *Procedural Deficiencies*

First, Rule 55 of the Federal Rules of Civil Procedure expressly requires it be established that Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  *Schwarzer, Tashima & Wagstaffe*, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial §§ 6:80 & 6:116 (The Rutter Group 2010).  The pleadings filed January 12, 2011, are completely devoid of any such declaration.  When and if Plaintiff re-files the request for default judgment, it shall address and correct this deficiency.

Next, Plaintiff has failed to file a memorandum of points and authorities or brief in support of its request for default judgment.  The pleadings include a single paragraph request, the affidavits of Catherine Wilinski and Mitchell D. Cohen, and the Declaration of Plaintiff's counsel Dean P. Sperling in support thereof.  (*See* Doc. 22.)  Local Rule 230(b) provides that a moving party shall file "accompanying briefs."  *See also* Local Rule 133(i) (regarding citation to authority).  When and if Plaintiff re-files the request for default judgment, it shall provide applicable relevant legal authority in support of its request.  More particularly, Plaintiff shall address how its allegations in the complaint are in fact well-pled, and shall also address and discuss the factors identified above.

### *Attorneys Fees Requested by Vedder Price P.C.*

The Court notes that Plaintiff seeks an attorney fees award of $6,805.00.  (Doc. 22 at 2.) Plaintiff's counsel Mr. Sperling declares that he expended a total of 5.10 hours at $250.00 an hour, for attorney fees in the sum of $1,275.00.  (Sperling Decl., ¶3.)  Notably however, in the affidavit of Mitchell D. Cohen dated December 14, 2010, Mr. Cohen, a shareholder in the law firm Vedder Price P.C., declares he "regularly represent[s]" Plaintiff and indeed "has represented" Plaintiff in this matter.  (Cohen Aff., ¶¶ 2-3.)  Mr. Cohen declares that Vedder Price

P.C. has performed "no less than 15.8 hours of legal work valued at no less than $5,530.00," in this matter. (Cohen Aff., ¶ 8.)

Local Rule 180(b) states "(e)xcept as otherwise provided herein, only members of the Bar of this Court shall practice in this Court." Mr. Cohen is not a member of the California Bar nor is he a member of the Bar of this Court. (*See* Cohen Aff., ¶ 2 ["I am an attorney licensed in the state of New York"] & www.calbar.gov.) Therefore, the only exception which may apply is Local Rule 180(b)(2), which governs admission *pro hac vice*. Nonetheless, it does not appear that Mr. Cohen is admitted, nor has he applied to be admitted, *pro hac vice*. In the instant matter, the Court's docket reflects that Plaintiff is represented only by attorney Dean P. Sperling.

In the Eastern District, an attorney is not eligible to practice *pro hac vice* if the attorney (i) resides in California; (ii) is regularly employed in California; or (iii) is regularly engaged in professional activities in California. Local Rule 180(b)(2). Based upon the pleadings before this Court, it is not clear whether or not Mr. Cohen would be eligible to practice *pro hac vice*.

In any event, should Plaintiff elect to re-file its request for default judgment, Plaintiff shall address the Ninth Circuit Court of Appeals opinion, and its applicability to this matter, in *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009) regarding the propriety of awarding attorney fees to an out of state attorney.

## CONCLUSION AND ORDER

For the reasons given above, Plaintiff's Request for Entry of Default Judgment is HEREBY STRICKEN. Plaintiff shall re-file any request for default judgment no later than thirty (30) days from the date of this Order. A failure to comply with this Order may result in a dismissal of this action.

IT IS SO ORDERED.

Dated: **February 23, 2011**         **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE