1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| ALL POINTS CAPITAL CORPORATION, a New York corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC., a California corporation, JAMES B. FOSTER, an individual, and OTILIA T. FOSTER, an individual,<br><br>        Defendants.<br>_____ | 1:10-cv-00801 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS RE SECOND REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC., JAMES B. FOSTER AND OTILIA T. FOSTER**<br><br>(Document 25) |

19
20

On March 22, 2011, Plaintiff All Points Capital Corporation ("Plaintiff") filed a second

21

Request for Default Judgment Against Defendants Foster and Sons General Engineering

22

Contractors, Inc., James B. Foster and Otilia T. Foster.  (Doc. 25.)  On April 27, 2011, the Court

23

vacated the hearing of April 29, 2011, and the matter was taken under submission.  (Doc. 26.)

24

### PROCEDURAL BACKGROUND

25

Plaintiff filed the instant action on May 7, 2010.  The complaint asserts a number of

26

causes of action, including a breach of promissory note and security agreement, breach of

27
28

1

guaranty, and foreclosure on security agreement - claim and delivery.  Plaintiff sought damages in excess of $750,000.00.  (Doc. 2.)  Summonses were issued on May 10, 2010.  (Docs. 4-6.)

On November 18, 2010, this Court issued an Order to Show Cause for Plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure by failing to serve Defendants with the summons and complaint.  (Doc. 10.)

That same date, Plaintiff filed proofs of service for two named Defendants: James B. Foster and Otilia T. Foster.  (Docs. 12-13.)  Additionally, Plaintiff filed a request for Clerk's Entry of Default as to all Defendants.  (Doc. 14.)

On November 23, 2010, the Clerk of the Court entered default as to Defendants James B. Foster and Otilia T. Foster only.  (Doc. 15.)

On December 12, 2010, this Court issued Findings and Recommendations as to the dismissal of Defendant Foster and Sons General Engineering Contractors, Inc. ("Foster and Sons").  Specifically, the Court recommended dismissal of Defendant Foster and Sons for it had not been served with process.  (Doc. 16.)

The following day, Plaintiff filed a proof of service indicating that Foster and Sons had in fact been served on May 26, 2010.  Plaintiff also requested default be entered by the Clerk against Foster and Sons.  (*See* Docs. 17-18.)

On December 15, 2010, the Clerk entered default against Defendant Foster and Sons. (Doc. 20.)  On December 17, 2010, this Court issued its Order Vacating the earlier findings wherein the Court recommended dismissal of Foster and Sons.  (Doc. 21.)

On January 12, 2011, Plaintiff filed its original request for entry of default judgment against all Defendants.  (Doc. 22.)  That request was stricken for procedural deficiencies on February 23, 2011, and Plaintiff was advised to re-file any request within thirty days.   (Doc. 24.)

On March 22, 2011, Plaintiff filed the instant, second or amended request for entry of default judgment against all Defendants.  (Doc. 25.)

//

2

1

**LEGAL STANDARD**

2       Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that judgment may be

3   entered as follows:

4               By the Court.  In all other cases, the party must apply to the court for a
        default judgment.  A default judgment may be entered against a minor or
5       competent person only if represented by a general guardian, conservator, or other
        like fiduciary who has appeared.  If the party against whom a default judgment is
6       sought has appeared personally or by a representative, that party or its
        representative must be served with written notice of the application at least 3 days
7       before the hearing.  The court may conduct hearings or make referrals--preserving
        any federal statutory right to a jury trial--when, to enter or effectuate judgment, it
8       needs to:
                (A) conduct an accounting;
9               (B) determine the amount of damages;
                (C) establish the truth of any allegation by evidence; or
10              (D) investigate any other matter.

11  "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as

12  true."  *Dundee Cement Co. v. Howard Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323

13  (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

14      Factors which may be considered by courts in exercising discretion as to the entry of a

15  default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

16  plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake

17  in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default

18  was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

19  Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir.

20  1986).

21

**DISCUSSION**

22      Service of summons and complaint upon Defendants in this action was made on May 26,

23  2010.  True and correct copies of the proofs of service were filed with this Court on November

24  18, 2010, and December 13, 2010, respectively.  (Docs. 12-13, 18.)  To date, Defendants have

25  failed to respond to the complaint.  The Clerk of the Court entered default as Defendants James

26

27

28                                          3

1  B. Foster and Otilia T. Foster on November 23, 2010, and as to Defendant Foster and Sons on

2  December 15, 2010.  (Docs. 15 & 20.)

3  *Analysis re Default Judgment*

4  **The Possibility of Prejudice to the Plaintiff**

5  Substitute service of the summons and complaint in this action was made on Otilia T.

6  Foster and James B. Foster, on May 26, 2010, at 1559 N. McCall Avenue in Sanger, California,

7  by way of "Jane Doe," the receptionist apparently in charge at the business.  Jane Doe is

8  described as a Caucasian female, about forty-five years of age, five feet six inches in height,

9  approximately 180 pounds, with red hair and blue eyes.  The summons and complaint were also

10  served via United States Mail on May 27, 2010.  True and correct copies of the Proofs of Service

11  were filed with this Court on November 18, 2010. (Docs. 12 & 13.)  Additionally, the summons

12  and complaint were served via substitute service upon Defendant Foster and Sons, on the same

13  date and in the same manner.  A true and correct copy of the Proof of Service was filed with this

14  Court on December 13, 2010.  (Doc. 18.)  None of the Defendants has responded to the

15  complaint or otherwise appeared in this action.  The Clerk of the Court entered default as to

16  Otilia T. Foster and James B. Foster on November 23, 2010.  (Doc. 15.)  The Clerk also entered

17  default as to Foster and Sons General Engineering Contractors, Inc. on December 15, 2010.

18  (Doc. 20).  Additionally, neither of the individual Defendants is an infant or incompetent person,

19  and neither is in the military service or otherwise exempted under the Soldiers' and Sailors' Civil

20  Relief Act of 1940.  (*See* Doc. 25-4 at 5.)

21  The first *Eitel* factor weighs in favor of granting Plaintiff's application because Plaintiff

22  will be prejudiced if default judgment is not entered.  Plaintiff effected proper substitute service

23  upon all Defendants nearly one year ago.  Defendants have not answered the complaint or

24  otherwise appeared in this action.  If Plaintiff's application for default judgment is not granted,

25  All Points Capital Corporation "will likely be without other recourse for recovery."  *PepsiCo,*

26  *Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

27

28  4

**The Merits of Plaintiff's Substantive Claim & Sufficiency of Complaint**

Plaintiff seeks judgment against Defendants for breach of promissory note and security agreement.  (Doc. 25-4 at 7-8.)

To state a claim for breach of contract under California law, a plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages.  *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal.App.4th 1375, 1390 (2004).  Here, Plaintiff's complaint, for its first cause of action, states that: (1) Plaintiff and Defendant Foster and Sons entered into a written Promissory Note and Security Agreement on or about April 18, 2007, wherein Defendant as debtor agreed to pay Plaintiff the principal sum of $1,109,484.04, with interest, in sixty-six successive monthly installments, commencing June 1, 2007, in the amount of $26,138.73; (2) Plaintiff performed its obligations pursuant to the Promissory Note and Security Agreement; (3) on or about September 2, 2009, Defendant defaulted under the Promissory Note and Security Agreement; and (4) therefore, Plaintiff has suffered damages as a result.  (Doc. 2 at 5.) Plaintiff's complaint also alleged two claims for breach of guaranty as against Defendants James B. Foster and Otilia T. Foster.  (Doc. 2 at 5-7.)

In sum, the Court concludes Plaintiff has sufficiently stated its claim for breach of promissory note and security agreement.  The second and third *Eitel* factors thus favor a default judgment.

**The Sum of Money at Stake Here**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.

A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement*, 722 F.2d at 1323; *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (no hearing necessary when documents show

judgment amount based on a definite figure); *see also* Fed.R.Civ.P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment).  A hearing on the issue of damages is not required as long as the Court finds there is a basis for the damages specified. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).  Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested.  *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993).

Here, Plaintiff has submitted various exhibits in support of its application: (1) the Promissory Note; (2) the Security Agreement; (3) the UCC Financing Statement; and (4) the Personal Guaranty.  (See Doc. 25-1, Exs. A-D.)  Plaintiff has also provided evidence that at the time of default, Defendants were obligated to Plaintiff in the sum of $238,700.79.  (Doc. 25-1 at 7, ¶ 21.)

The Court has carefully reviewed the documentation provided and finds that Plaintiff has provided sufficient documentary evidence of its claim to damages of $238,700.79.

### The Possibility of a Dispute Concerning Material Facts

Given the sufficiency of the complaint, the documentation provided to the Court, and Defendants' default, no genuine dispute of material facts would preclude granting Plaintiff's application.  *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### Whether Default is Due to Excusable Neglect

Defendants were properly served, via valid substitute service, with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  (*See* Docs. 12-13, 18.)  Thus, it is not likely the any Defendants' failure to answer and/or otherwise in appear in this action, and the resulting defaults, was the result of excusable neglect.

### Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d at 1177 (citation

omitted).  Furthermore, the Defendants' failure to answer or otherwise respond to the complaint

"makes a decision on the merits impractical, if not impossible."  *Id*.  As a result, this Court is not

precluded from recommending that default judgment be entered against Defendants.

### *Attorneys Fees and Costs*

The Court notes that Plaintiff seeks a total attorney fees award of $6,805.00 and costs in

the sum of $693.76.  (Doc. 25 at 2-3.)

More particularly, Plaintiff's counsel Dean P. Sperling declares that he expended a total

of 5.10 hours at $250.00 an hour, for attorney fees in the sum of $1,275.00.  (Doc. 25-3, ¶3.)  Mr.

Sperling also contends his office has expended costs totaling $687.56.  (Doc. 25-3, ¶ 4.)

Attorney Mitchell D. Cohen, a New York practitioner and a shareholder in the law firm Vedder

Price P.C., declares he "regularly represent[s]" Plaintiff and his representation began in this

matter with Plaintiff's "efforts to collect the amounts it is owed."  (Doc. 25-2, ¶¶ 2-3.)

Additionally, he provided information to Mr. Sperling prior to the filing of the complaint.  (Doc.

25-2, ¶ 3.)  Mr. Cohen declares that he is not licensed to practice law in the State of California

and he has not sought *pro hac vice* admission.  Relatedly, he declares that he has "neither

physically appeared before this Court nor signed pleadings in this case."  (Doc. 25-2, ¶ 4.)

With specific regard to attorney fees, Mr. Cohen declares that he is familiar with the

billing procedures employed at Vedder Price P.C., and that it has performed "no less than 15.8

hours of legal work valued at no less than $5,530.00," in this matter.  (Doc. 25-2, ¶¶ 6, 9.)  The

Vedder Price P.C. firm also incurred $6.20 in fees.  (Doc. 25-2, ¶ 9.)

### Mr. Sperling's Fees & Costs

Mr. Sperling's request for attorneys fees for 5.10 hours of work at $250.00 per hour is

reasonable.  (Doc. 25-3 at 2.)  Thus, this Court will recommend that fees be awarded in the sum

of $1,275.00.

A review of the costs claimed by Mr. Sperling reveals that the $350.00 filing fee and the

service of process fees for individual service upon Defendants James and Otilia Foster, at $50.92

each, are reasonable.  (Doc. 25-3 at 2-3 & Docs. 12-13.)  However, the Court will not award the sum of $45.00 for an "Attorney Service Charge."  There is absolutely no explanation for this charge and it does not appear reasonable or appropriate.  Additionally, Mr, Sperling seeks reimbursement of $190.72 for the cost of effecting service of process upon Defendant Foster and Sons.  However, a review of the Court's docket reveals the actual cost for this service was $144.82, a difference of $45.90.  (Doc. 25-3 at 3 & Doc. 18.)  Accordingly, the Court will recommend that costs incurred by Mr. Sperling be awarded in the sum of $596.66.

### Mr. Cohen's Fees & Costs

First, it should be noted that Exhibit 1 referred to in Mr. Cohen's March 17, 2011, declaration was not actually attached as stated.  (*See* Doc. 25-2.)  Nevertheless, a review of the Court's docket reveals the exhibit was attached to his previous declaration dated December 14, 2010, and thus the Court consulted that exhibit for purposes of this discussion.  (*See* Doc. 22-2 at 6-8.)

Mr. Cohen's declaration regarding attorney fees incurred by Vedder Price P.C. establishes that his request for attorney fees in the amount of $5,530.00 is reasonable and appropriate: 15.8 hours multiplied by $350.00 per hour.  Additionally, this Court finds the request for $6.20 in costs to be reasonable and appropriate.  (*See* Docs. 25-2 & 22-2.)  Therefore, the Court will recommend that attorney fees and costs, as claimed by Mr. Cohen of Vedder Price P.C., in the sum of $5,536.20 be awarded.

### RECOMMENDATIONS

Based on consideration of the declarations, pleadings and exhibits to the present application, the Court RECOMMENDS as follows:

1.      Plaintiff All Points Capital Corporation's application for default judgment be GRANTED;

//

//

8

2.      Judgment be entered in this action against Foster and Sons Engineering Contractors, Inc., a California corporation, James B. Foster, an individual, and Otilia T. Foster, an individual;

3.      Damages in the total amount of $238,700.79 be awarded to Plaintiff All Points Capital Corporation;

4.      Attorneys fees and costs in the total amount of $7,407.86 be awarded to Plaintiff All Points Capital Corporation; and

5.      Interest on the judgment at the legal rate until the judgment is satisfied.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B).  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    May 9, 2011**                          **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE